NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAVIER H. SERRANO, :
:
        Plaintiff, :    Civ. No. 06-5221 (DRD)
:
v. :
:    **O P I N I O N**
ANDREA J. QUARANTILLO, Director :
U.S. Citizenship & Immigration Services; :
EDUARDO AGUIRRE, JR., Director, U.S. :
Citizenship & Immigration Services; and :
MICHAEL CHERTOFF, Secretary U.S. :
Department of Homeland Security, :
:
        Defendants. :
:

---

HARLAN E. SHACKNER, P.C.
Harlan E. Shackner, Esq.
6020 Bergenline Avenue
West New York, New Jersey 07093

*Attorneys for Plaintiff*

CHRISTOPHER J. CHRISTIE
United States Attorney
RUDOLPH A. FILKO
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102

*Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Javier H. Serrano ("Plaintiff" or "Serrano"), filed the complaint in this action on October 31, 2006 (the "Complaint").  The Complaint seeks, *inter alia*, to compel action on Plaintiff's application for permanent resident status.

In the Complaint, Plaintiff alleges the following.  Plaintiff is a 28 year old male and is a native and citizen of Ecuador.  (Compl. ¶ 2).  On April 23, 2001, Plaintiff's employer filed a Labor Certification on behalf of Plaintiff which was approved on October 28, 2003.  (Id. at ¶ 7).  On February 12, 2004, Plaintiff's employer filed an I-140 Petition for Immigration Worker on Plaintiff's behalf, which was approved on August 3, 2004.  (Id.).  On February 12, 2004, Plaintiff also filed a form I-485 to adjust his status to that of a lawful permanent resident with the United States Citizenship and Immigration Services (U.S.C.I.S.).  (Id.).  On January 24, 2005, Plaintiff was interviewed on his permanent residence application at the Newark, New Jersey office of the U.S.C.I.S.  (Id.).

Plaintiff alleges that "despite numerous inquiries by Plaintiff's present counsel, in person and by written correspondence to the Newark, N.J. U.S.C.I.S. Office, Plaintiff has not received a decision on his permanent residence application." (Id.).  Plaintiff alleges that Defendants have wilfully and unlawfully delayed and refused to adjudicate Plaintiff's application, thereby depriving him of the right to a decision, in violation of the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq*.  (Id. at ¶¶ 12, 14).  Plaintiff seeks an order: (a) requiring Defendants to adjudicate Plaintiff's applications for adjustment of status; (b) awarding Plaintiff attorney's fees; and (c) granting such other relief at law and in equity as justice may require.  (Id.

at ¶ 16).

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, Defendants' motion will be granted.

## II.  DISCUSSION

**Immigration and Nationality Act**

8 U.S.C. § 1255 provides for the adjustment of status of a non-immigrant to that of a person admitted for permanent residence. It states in pertinent part:

> [t]he status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). The Act excludes certain matters from judicial review, including denials of discretionary relief. Specifically, the Act provides:

> Notwithstanding any other provision of law . . . including [the mandamus statutes, 28 U.S.C. § 1361 and § 1651] . . . and <u>regardless of whether the . . . action is made in removal proceedings</u>, no court shall have jurisdiction to review - - (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B) (emphasis added). Additionally, subsection (g) provides that,

3

notwithstanding any other provision of law, including the mandamus statutes, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . ."  8 U.S.C. § 1252(g).

Defendants argue that adjustment of status process is discretionary and, and is one that is removed from the ambit of judicial review by 8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1252(g).

### A.  8 U.S.C. § 1252(g)

Defendants argue that pursuant to 8 U.S.C. § 1252(g), the court does not have jurisdiction to review the alleged inaction by Defendants, and rely on Gomez-Chavez v. Perryman, 308 F.3d 796 (7th Cir. 2002).  In Gomez-Chavez, plaintiff, a Mexican national, was removed pursuant to 8 U.S.C. 1225(b)(1) after attempting to enter the United States unlawfully.  One month later, he reentered the United States and thereafter married a United States citizen.  Two months after his marriage, plaintiff filed, among other forms, a form I-485 application to adjust his status. Despite the existence of the prior removal order, plaintiff was issued an Employment Authorization Card.  Two years later, at an interview conducted by the INS in conjunction with his application for adjustment of status, the INS agent realized that plaintiff had reentered illegally, which led to the immediate reinstatement of the prior removal order.

Plaintiff then filed a complaint in the district court, and sought, *inter alia*, an order commanding the INS to adjust his status.  The district court dismissed the complaint.  The Seventh Circuit affirmed, finding that 8 U.S.C. § 1252(g) barred plaintiff from obtaining such an order.  Id. at 800.  The court stated that "[a]n alien attempting to achieve judicial review of such

discretionary measures may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act." Id.

8 U.S.C. § 1252(g), however, is to be narrowly read and only applies to three discrete actions of the Attorney General taken during the deportation process. Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 943 (1999). Thus, courts have held that where a petition for adjustment of status "is separate and distinct from any matter related to an order of deportation, § 1252(g) 'has nothing to do with the . . . case, . . .'" Sabhari v. Reno, 197 F.3d 938, 942 (8th Cir. 1999) (quoting Shah v. Reno, 184 F.3d 719, 722 (8th Cir. 1999)). Here, because Plaintiff's petition for adjustment of status is not part of any deportation process, 8 U.S.C. does not apply and does not preclude this court's jurisdiction.

### B.  8 U.S.C. § 1252(a)(2)(B)

Defendants also argue that Section 1252(a)(2)(B) removes plaintiff's petition from the court's jurisdiction. Here, Defendants are correct. This provision precludes judicial review of any decision or action of the Attorney General or the Secretary of Homeland Security that is within their discretion and specifically applies regardless of whether the action is made in removal proceedings. Because 8 U.S.C. § 1255 provides that an alien's status may be adjusted by the Attorney General in his/her discretion, this court does not have jurisdiction to review his actions or inactions relating to Plaintiff's adjustment of status. Additionally, because Section 1252(a)(2)(B) specifically precludes judicial review notwithstanding the mandamus statutes or any other provision of law, Plaintiff's mandamus and APA claims are barred.

In Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006), the court was faced with very

similar facts. In that case, a Lebanese citizen filed a Form I-485 Application on November 11, 2002. Id. at 697. As of December 2006, USCIS was still reviewing information and had not finally adjudicated plaintiff's complaint. Id. at 697-98. As a result of the delay, plaintiff brought a mandamus action in the district court seeking to compel defendants to adjudicate his application immediately. Id. at 698. Plaintiff argued that USCIS's review of information was unreasonably prolonged and that the court had "jurisdiction to review the pace of USCIS's processing and adjudication of an adjustment application where . . . four years have elapsed since the filing of the adjustment application." Id.

The court found that "[t]here is no doubt that the adjustment of status application process falls within subsection (ii), as § 1255(a) specifically provides that USCIS has the discretion to adjust an alien's status, under such regulations as it may prescribe." Id. The court held that the term "action" in the statute "encompasses the *entire* process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds." Id. at 699. See also Zheng v. Reno, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001) (dismissing mandamus claim because adjustment process is "wholly discretionary" and "not reviewable under the mandamus statute"); Mustafa v. Pasquerell, No. Civ. SA05CA-658-XR, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006) (holding that the court cannot compel defendants to adjudicate application for adjustment under the APA); Keane v. Chertoff, 419 F. Supp. 2d 597, 600 (S.D.N.Y. 2006) (dismissing mandamus and APA claims for lack of subject matter jurisdiction).

The Safadi court also found that plaintiff's claims under 28 U.S.C. 1361 and the APA failed. The court held that pursuant to 28 U.S.C. § 1361, plaintiff's claim fails "because the

defendant does not owe plaintiff a 'clear nondiscretionary' duty to process his adjustment of status application at any particular pace or speed." Id. at 700.  Additionally, the court held that "plaintiff's reliance on the APA to furnish the requisite subject matter jurisdiction fails because, as the APA explicitly provides, judicial review is unavailable where, as here, the action challenged is 'committed to agency discretion by law.'" Id. (quoting 5 U.S.C. § 701(a)).  The court stated that "even assuming subject matter jurisdiction existed notwithstanding § 1252(a)(2)(B)(ii), neither the mandamus statute, nor the APA, confer subject matter jurisdiction over plaintiff's claim." Id.  The court concluded:

> Importantly, not addressed here is the question whether jurisdiction would exist in a district court to review plaintiff's case where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application. This case presents no such facts. To be sure, the nearly four years thus far consumed in the processing of plaintiff's application is far from an inconsiderable period of time and it is easy to understand plaintiff's frustration. It is also understandable that the length of the process is causing plaintiff substantial hardship. Nonetheless, in this post-9/11 world USCIS must carefully and thoroughly investigate adjustment applications to ensure they are not granted without the appropriate good cause.  Our national security requires that caution and thoroughness in these matters not be sacrificed for the purpose of expediency. Given this, while the application processing time that has elapsed in this case has been substantial, the evidence that USCIS is actively processing plaintiff's application makes clear that this is not a case where USCIS has refused to adjudicate or process an application. Instead, it is a case in which USCIS is and has been processing plaintiff's adjustment of status application, but has done so at a pace plaintiff finds unsatisfactory. Because the pace of processing an adjustment application comprises a part of USCIS's "action," and because USCIS has discretion over such actions, there is no jurisdiction over plaintiff's complaint.

Id. at 700-01.

7

Similarly, in the present case, the court does not have subject matter jurisdiction to decide Plaintiff's claim.  Additionally, the fact that just over two years have passed since Plaintiff has filed his application for adjustment is not so unreasonable as to be tantamount to a refusal to process the application   Thus, the Complaint will be dismissed.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Complaint will be granted.  The court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:          April 9, 2007